# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *1940 LLC v. County of McHenry*, 2012 IL App (2d) 110753

---

| | |
|---|---|
| Appellate Court Caption | 1940 LLC and ARTHUR P. SCHUELER, JR., Plaintiffs-Appellants, v. THE COUNTY OF McHENRY and THE McHENRY COUNTY BOARD, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-11-0753 |
| Filed | June 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for defendant county board in plaintiffs' action seeking a zoning reclassification, notwithstanding plaintiffs' contention that they only needed a majority of the county board members present, not a majority of the elected members of the county board, to obtain approval of the reclassification, since plaintiffs' interpretation of section 5-12014(b) of the Counties Code to read the word "present" into the statute made the word "elected" irrelevant. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 08-MR-213; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | John H. Boyd and Thomas C. Zanck, both of Zanck, Coen, Wright & Saladin, P.C., of Crystal Lake, for appellants. |
|---|---|
|  | Louis A. Bianchi, State's Attorney, of Woodstock (Sarah B. Jansen, Assistant State's Attorney, of counsel), for appellees. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Presiding Justice Jorgensen and Justice Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiffs, 1940 LLC and Arthur P. Schueler, Jr., appeal from the orders of the trial court denying their motion for partial summary judgment and entering judgment, after a trial, in favor of defendants, the County of McHenry and the McHenry County Board. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In March 2008, plaintiffs filed a petition with the county pursuant to section 5-12014(b) of the Illinois Counties Code (Code) (55 ILCS 5/5-12014(b) (West 2008)), seeking a zoning reclassification for property located in unincorporated McHenry County. The McHenry County Zoning Board of Appeals voted to approve the petition for reclassification. On July 15, 2008, the McHenry County Board (Board) voted 11 to 10 in favor of the petition. However, Kenneth Koehler, the Board chairman, ruled that the petition needed "a majority of the County Board, not a majority of the County Board present," to pass. As the Board consisted of 24 elected members, the petition failed "because it did not get a majority of the County Board."

¶ 4    Plaintiffs then filed a six-count complaint in the circuit court of McHenry County. After four counts were dismissed, plaintiffs proceeded on counts seeking: (count II) *de novo* judicial review pursuant to section 5-12012.1 of the Counties Code (55 ILCS 5/5-12012.1 (West 2008)); and (count III) declaratory judgment. The trial court denied plaintiffs' motion for summary judgment on count III and later, after a trial on an agreed record and briefs, entered judgment in favor of defendants on both counts. This appeal followed.

¶ 5                                    II. ANALYSIS

¶ 6    Plaintiffs appeal from "the trial court's findings and holdings as they relate to the court's interpretation and application of Section 5-12014(b) of the Illinois Counties Code." Because the interpretation and application of a statute is a question of law, our review is *de novo*. See *Terraces of Sunset Park, LLC v. Chamberlin*, 399 Ill. App. 3d 1090, 1095 (2010). The

fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature; to determine that intent, we look first to the statute's language. *Id.* Clear statutory language must be applied as written without resort to aids or tools of interpretation. *Id.* Ordinary rules of statutory construction mandate that a court will not read into a statute any conditions, exceptions, or limitations not appearing in its plain language. *Onwentsia Club v. Illinois Property Tax Appeal Board*, 2011 IL App (2d) 100388, ¶ 20. Words and phrases should not be considered in isolation but should be interpreted in light of other relevant provisions and the statute as a whole. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604 (2008). We will construe a statute as a whole so that no part is rendered meaningless or superfluous. *People v. McClure*, 218 Ill. 2d 375, 382 (2006). Where a statute is capable of more than one reasonable interpretation, it will be deemed ambiguous, and we then can consider extrinsic aids to construction, such as legislative history. *County of Du Page*, 231 Ill. 2d at 604.

¶ 7        Section 5-12014 of the Code provides in relevant part:

"Amendment of regulations and districts. (a) For purposes of this Section, the term 'text amendment' means an amendment to the text of a zoning ordinance, which affects the whole county, and the term 'map amendment' means an amendment to the map of a zoning ordinance, which affects an individual parcel or parcels of land.

(b) The regulations imposed and the districts created under the authority of this Division may be amended from time to time by ordinance or resolution, after the ordinance or resolution establishing same has gone into effect, but no such amendments shall be made without a hearing before the board of appeals. *** Except as provided in subsection (c), text amendments may be passed at a county board meeting by a simple majority of the elected county board members, unless written protests against the proposed text amendment are signed by 5% of the land owners of the county, in which case such amendment shall not be passed except by the favorable vote of 3/4 of all the members of the county board. *Except as provided in subsection (c), map amendments may be passed at a county board meeting by a simple majority of the elected county board members*, except that in [certain] case[s] of written protest against any proposed map amendment ***, such amendment shall not be passed except by the favorable vote of 3/4 of all the members of the county board, but in counties in which the county board consists of 3 members only a 2/3 vote is required. *** Notwithstanding any other provision of this Section, if a map amendment is proposed solely to correct an error made by the county as a result of a comprehensive rezoning by the county, the map amendments may be passed at a county board meeting by a simple majority of the elected board." (Emphasis added.) 55 ILCS 5/5-12014 (West 2008).

¶ 8        The phrase at issue in this case is the provision that "map amendments may be passed at a county board meeting by a simple majority of the elected county board members." See 55 ILCS 5/5-12014(b) (West 2008). Plaintiffs argue that the plain and ordinary meaning of the term "simple majority" requires that a majority of elected county board members *present* vote to approve the measure. Plaintiffs look to Black's Law Dictionary, which defines "simple majority" as "A majority of the members who vote, a quorum being present, disregarding absent members, members who are present but do not vote, blanks, and

abstentions.–Also termed *ordinary majority*." Black's Law Dictionary 975 (8th ed. 2004).[1] Twenty-one Board members cast votes on plaintiffs' petition; as the petition received eleven of the twenty-one votes cast (52.38%), plaintiffs argue that their petition should be considered passed. We disagree.

¶ 9　　Plaintiffs' interpretation necessarily reads into the relevant statutory language the word "present" and makes irrelevant the word "elected." This interpretation violates the principles of statutory construction that: (1) we will not read into a statute any conditions, exceptions, or limitations not appearing in its plain language (*Onwentsia Club*, 2011 IL App (2d) 100388, ¶ 20); and (2) we will construe a statute as a whole so that no part is rendered meaningless or superfluous (*McClure*, 218 Ill. 2d at 382). Further, plaintiffs fail to note Black's discussion of "majority" (the main definition under which "simple majority" is defined), which states:

> "A majority always refers to more than half of *some defined or assumed set*. In parliamentary law, that set may be all the members or some subset, such as all members present or all members voting on a particular question." (Emphasis added.) Black's Law Dictionary 974 (8th ed. 2004).

Here, the legislature clearly provided a "defined set" of "the elected county board members"; plaintiffs' attempt to redefine that set to a subset of "county board members actually present" must fail.

¶ 10　　Our conclusion is reinforced by reading the statutory language at issue *in pari materia* with general county board voting requirements. In general, unless "otherwise provided," matters arising before a county board may be voted on and "determined by the votes of the majority of the *members present*, so long as there is a quorum" (a "majority of the members of [the] county board"). (Emphasis added.) 55 ILCS 5/2-1005 (West 2008); see *County of Kankakee v. Anthony*, 304 Ill. App. 3d 1040, 1045 (1999). The statutorily required denominator for the fraction to determine whether a majority exists for purposes of passing general county board business is a quorum, a majority of the members of the board. In this case, there were 24 elected county board members, and a majority thereof (a quorum) could be any number between 13 and 24 members. Majority passage of business could require as few as 7 votes or as many as 13 votes, depending on the number of members present. There is no statutorily mandated number. However, section 5-12014(b) of the Code otherwise provides that both text amendments and map amendments to zoning ordinances are required to be passed "by a simple majority of the elected county board members." 55 ILCS 5/5-12014(b) (West 2008). The denominator is statutorily set at the number of "elected county board members," in this case 24. A "simple majority" is not, as plaintiffs argue, the denominator of the fraction, but the numerator, the number of votes needed for passage. The provision of "elected county board members" as the denominator thus requires 13 votes, a "simple majority" of the 24 board members, for passage of zoning ordinance text and map amendments.

---

[1]"Simple majority" is a subcategory under the general definition of "majority." See Black's Law Dictionary 974-75 (8th ed. 2004).

¶ 11    Our interpretation of the statutory language at issue here is consistent with the interpretation in *Anthony*. *Anthony* involved a county board's amendment of the text of a zoning ordinance under section 5-12014(b) of the Code, which may be passed at a county board meeting "by a simple majority of the elected county board members." See 55 ILCS 5/5-12014(b) (West 2008). The *Anthony* court concluded that a text amendment "must pass by a simple majority vote of the entire county board, not just a majority of the members attending the meeting." *Anthony*, 304 Ill. App. 3d at 1046. The court later reiterated that "the phrase 'simple majority of the elected county board members' in section 5-12014(b) requires the affirmative votes of more than half of all the members of the county board." *Id.* at 1047-48. Plaintiffs attempt to distinguish *Anthony* because it dealt with a text amendment rather than a map amendment. This attempt is risible and without merit. *Anthony* analyzed the same language from the same section of the Code. Whether a petition seeks a text amendment or a map amendment, the identical language from the same statute means the same thing.

¶ 12    The language of section 5-12014(b) is clear and is susceptible to only one interpretation; a petition for the amendment of a zoning ordinance map requires the affirmative votes of more than half of all the members of the county board for passage. Here, plaintiffs' petition received 11 affirmative votes, less than the 13 votes required for passage. Therefore, the Board's determination that the petition failed was not in error.

¶ 13    For these reasons, the judgment of the circuit court of McHenry County is affirmed.

¶ 14    Affirmed.